United States District Court
Southern District of Texas
ENTERED

FEB 0 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-147 |
| | § | |
| CERTAIN REAL PROPERTY KNOWN | § | |
| AS 5587 MYSTIC BEND, | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on February 7, 2001, the Court

1. **GRANTED** Claimant Eva Garcia's Motion for Leave to File Response [Dkt. No. 20], and

2. **GRANTED** the Government's Motion for Judgment on the Pleadings, or in the alternative, for Summary Judgment [Dkt. No. 14].

I. Introduction

Federal authorities arrested Ricardo Eloy Garcia in June 2000 for illegal transportation and distribution of controlled substances. At his re-arraignment, Mr. Garcia admitted that the house and lot located at 5587 Mystic Bend in Brownsville, Texas ("the Property") was purchased with proceeds from illegal drug trafficking. The Court entered an agreed order of forfeiture, authorizing the United States Government to seize the Property [See United States v. Ricardo Eloy Garcia, B-00-235, Final Order of Criminal Forfeiture, Dkt. No. 88]. In the instant matter, his wife, Mrs. Eva Garcia, claims that the seizure is improper because the Property was acquired with legitimate funds given to Mr. and Mrs. Garcia by Mrs. Ildefonsa de La Llata de Garcia, Mr. Garcia's mother.

The Government filed a motion for summary judgment, claiming that Mrs. Garcia

has no legitimate claim to the Property. The Government argues that the Property could not have been purchased with anything but proceeds from illegal drug smuggling activity, given that their businesses (a taco stand and a tire repair shop) yielded low returns, resulting in a concomitant reported annual income of approximately $9,100 during the years Mr. Garcia participated in illegal drug activity.

In response, Mrs. Garcia asserts that she is an innocent owner under the bona fide purchaser defense. She claims that Mrs. Ildefonsa Garcia sold land that she owned in Mexico and gave the money for the purchase of the Property to Mr. and Mrs. Garcia as a gift. However, Mrs. Garcia's evidence does not support this assertion. Therefore, since Mrs. Garcia fails to raise a genuine issue of material fact, the Court **GRANTS** the Government's motion for summary judgment.

## II. Contentions of the Parties

The Movant seeks forfeiture of a residence and the land upon which it sits located at 5587 Mystic Bend, Brownsville, Cameron County, Texas. The forfeiture action is brought pursuant to 18 U.S.C. § 983 and 985 to enforce the provisions of 21 U.S.C. § 881(a)(6), which provide for the forfeiture of property which is purchased/improved with narcotic trafficking proceeds in violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801 et seq. Since Mr. and Mrs. Garcia's reported income was inconsistent with their monthly expenses during the time Mr. Garcia was involved in illegal drug trafficking, the Government argues that the only source for funds used to purchase the Property was Mr. Garcia's involvement with the drug organization. This is confirmed by Mr. Garcia's admission during his plea that the Property was purchased with illegitimate drug proceeds.

On the other hand, Mrs. Garcia argues she is an innocent owner because she is a bona fide purchaser. She asserts that her mother-in-law, Mrs. Ildefonsa Garcia, gave them a gift of $80,000 to buy the Property, and that the money was from Mrs. Ildefonsa Garcia's sale of land in Mexico. However, Mrs. Garcia fails to adduce evidence to support these contentions, discussed in Section V of this Order, such that

2

she fails to create a genuine issue of material fact.

### III.   Uncontroverted Facts in the Summary Judgment Record

The Property was acquired by Mr. and Mrs. Garcia in August 1998. By the time of the purchase, Mr. Garcia had been involved in transactions relating to controlled substances for three years. He has admitted that the Property was purchased with proceeds derived from the transportation and distribution of controlled substances. During this period, and continuing until October 1999, Mrs. Garcia was not employed outside of the home. She had no independent source of income before late 1999. The improvements to the Property were completed in February 1999, at which time a mortgage of $76,500 was taken out on the Property to finance a construction loan that was obtained to build the residence on the lot.

Federal authorities arrested Mr. Garcia in June 2000 for the transportation and distribution of controlled substances. Subsequently, Mr. Garcia entered a plea of guilty to possession with intent to distribute over 2,100 pounds of marihuana. Mr. Garcia identified himself as the "middle man" for a drug organization in Matamoros, Tamaulipas, Mexico. Depending on the amount of marihuana he transported, he would be paid between $5,000 and $10,000. In 1998 he received $38,000 for transporting approximately 2,000 pounds of marihuana to Houston, Texas.

Mr. Garcia has admitted that his tire repair business barely made enough to cover the expenses of the business and to pay the salaries of the employees. He opened a taco stand in the fall of 1999 that cleared approximately $800-$1000 per month. According to the tax returns filed by Mr. and Mrs. Garcia, their adjusted gross income for 1995 was $10,525, for 1996 it was $9,373, for 1997 it was $4,436 and for 1998 it was $12,060.

### IV.   The Law

#### A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence and all justifiable

3

inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). For any matter on which the non-moving party carries the burden of proof, the moving party may point to the absence of evidence supporting the essential elements of the non-moving party's case. This shifts the burden to the non-moving party to demonstrate by competent summary judgment evidence that there is a material issue of fact. Transamerica Ins. Co. v. Avenall, 66 F.3d 715, 718-19 (5th Cir. 1995); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 115 S. Ct. 194 (1994).

Therefore, in the instant matter, the Government may point to the absence of evidence for the affirmative defense that Mrs. Garcia is a bona fide purchaser. 18 U.S.C. § 983(d)(3). A bona fide purchaser is one who in good faith purchases property for valuable consideration and without notice of the government's claim. See United States v. One Parcel of Real Property with Buildings, Appurtenances, and Improvements, 743 F.Supp. 103, 107 (D.R.I. 1990), citing R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 11.10 (1984); see also In re Winn's Stores, Inc., 177 B.R. 253, 256 (W.D.Tex.1995). Mrs. Garcia then has the burden of demonstrating by competent summary judgment evidence that there is a material issue of fact that she is a bona fide purchaser for value.

### B.   Relevant Forfeiture Caselaw

A claimant cannot rest on conclusory denials to effectively refute the government's evidence. See United States v. Property, All Appurtenances, and Improvements, 1998 WL 249215 (N.D. Tex.), citing United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Tex., 919 F.2d 998 (5th Cir. 1990). The mere allegation of a highly unlikely source of income without some support to give the allegation credibility cannot constitute an issue of fact defeating summary judgment.

4

See United States v. Two Parcels in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996); see also United States v. $41,305 in Currency and Traveler's Checks, 802 F.2d 1339, 1345 (11th Cir.1986) ("[w]here the government has presented evidence of an illegal source, the claimant must do more than show the existence of possible legitimate sources of cash.").

### V.  Mrs. Garcia's evidence fails to support a genuine issue of material fact.

Mrs. Garcia fails to present a material issue of fact as to whether the Property was bought with proceeds from illegal drug trafficking in order to qualify her as an innocent owner under the bona fide purchaser defense. Although she attempts to provide evidence that Mrs. Ildefonsa Garcia gave Mr. and Mrs. Garcia money to purchase the Property, the evidence submitted to prove such assertions are inadequate for consideration on summary judgment because (1) Mrs. Garcia and Mrs. Ildefonsa Garcia do not attest that they have personal knowledge as to the events recounted in their affidavits, (2) Mrs. Garcia and Mrs. Ildefonsa Garcia do not affirm that they are competent to render the statements given in their affidavits, and (2) documents appended to their affidavits are not translated and thus, are improperly authenticated.

Mrs. Garcia's claim of bona fide purchaser status is completely unsupported by competent summary judgment evidence, and she has raised no material issue of fact to controvert the Government's claim that the Property was bought with illegal proceeds. Furthermore, Mrs. Garcia provides nothing to establish that their annual income versus expenditures was such that they could have legitimately paid for the Property and subsequent home improvements, lending credence to the Government's evidence that the source of the money was in fact illegal drug activity.

### VI.  Conclusion

Mrs. Garcia's contentions that the Property was purchased with legitimate proceeds are wholly unsubstantiated. She has failed to provide evidence raising a genuine issue of material fact that the Property was acquired with anything other than

5

illegal proceeds from drug trafficking, and has failed to carry her burden to demonstrate that she is an innocent owner under the bona fide purchaser defense. Therefore, the Court **GRANTS** summary judgment in favor of the Government [Dkt. No. 14]. The Parties are hereby **NOTIFIED** that they need not appear for Initial Pre-Trial Conference set for February 12, 2001.

DONE at Brownsville, Texas, this 7th day of February 2001.

_____
Hilda G. Tagle
United States District Judge

6